IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT S. OGANEZOV,

                Plaintiff,

v.

CHRISTOPHER M. CARIOSCIA, OFFICER RYAN MEYERS, OFFICER NICK WILKE, and MAUSTON AREA AMBULANCE ASSOCIATION,

                Defendants.

OPINION and ORDER

22-cv-558-jdp

---

    Pro se plaintiff Robert S. Oganezov currently faces several state criminal charges based on allegations of domestic abuse. Oganezov alleges that defendants conspired with the mother of Oganezov's daughter to falsely accuse him of domestic abuse. The court granted Oganezov leave to proceed in forma pauperis.

    Because Oganezov proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will stay this case because adjudicating Oganezov's claims would unduly interfere with his state prosecutions.

ALLEGATIONS OF FACT

    Defendant Carioscia works as an EMT and firefighter for the Mauston Area Ambulance Association (MAAA). Carioscia went to Oganezov's residence and threatened to get a

restraining order and put him behind bars. Carioscia tried to stop Oganezov from leaving by grabbing his car as it moved. Oganezov and nondefendant Alethea Warriner share a daughter. Oganezov and Warriner went to pick up Carioscia's vehicle on MAAA's property. Carioscia and other MAAA employees confronted Oganezov and yelled obscenities at him.

"Police departments" and Carioscia were investigating Oganezov based on suspicion of domestic abuse. "Charges were withheld after an unwritten agreement was made between the defendants to allow for [Warriner] to clear her other court case and cast the worst light on [Oganezov]." Dkt. 1 ¶ 6. "As [Oganezov] became aware of this nefarious plot a retaliatory restraining order was put in place against him." *Id.*

Carioscia told Warriner that he wanted her to put Oganezov in jail. Carioscia conspired to file a false police report against Oganezov. An altercation between Oganezov and Warriner left Warriner with "bruises." But Warriner then stated on a police report and in court that she sustained an "injury" during this altercation. At some point, Warriner obtained a compression wrap from Carioscia and returned to the hospital and stated that Oganezov had broken her ribs. Carioscia reported that Warriner's injuries were due to blunt force trauma. Oganezov was charged even though he had not broken her ribs.

Oganezov went to Carioscia's house to see Warriner and their daughter. Carioscia confronted him and accused him of beating Warriner, which Oganezov disputed. Carioscia called the police and tried to stop Oganezov from leaving by blocking his vehicle. The police told Carioscia to move his vehicle and let Oganezov leave.

Oganezov sues Carioscia, two police officers, and MAAA. I understand the complaint to assert claims for malicious prosecution, unlawful seizure, and conspiracy under federal law,

as well as defamation under Wisconsin law. Oganezov seeks "an injunction against further conspiracy between all parties" and damages.

In Juneau County Case No. 2022CV000043, a domestic abuse temporary restraining order was entered against Oganezov; the appeal of that judgment is pending. In Juneau County Case No. 2022CF000136, Oganezov faces charges of aggravated battery, strangulation and suffocation, and disorderly conduct, all with domestic abuse modifiers. In Juneau County Case No. 2022CF000135, Oganezov faces charges of knowingly violating a domestic abuse order and bail jumping.

## ANALYSIS

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Here, the thrust of Oganezov's complaint is that defendants conspired to falsify accuse him of domestic abuse. Because he currently faces several charges stemming from allegations of domestic abuse, adjudicating his claims would unduly interfere with his prosecutions. So I will stay this case pursuant to *Younger*.

## ORDER

IT IS ORDERED that:

3

1. This case is STAYED and ADMINISTRATIVELY CLOSED pursuant to *Younger*.

2. Oganezov must move to lift the stay within 30 days after the conclusion of the above criminal proceedings, which include any direct appeals. If Oganezov fails to comply with this order, the case will remain closed, and Oganezov may be barred by the statute of limitations from bringing his claims in any future case.

3. The clerk of court is directed to send Oganezov a copy of this order.

Entered December 2, 2022.

                BY THE COURT:

                /s/

                _____

                JAMES D. PETERSON
                District Judge